THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY v. THE CANTON MILLING COMPANY.

**No. 13,938.** ( 79 Pac. 656.)

SYLLABUS BY THE COURT.

RAILROADS—*Action for Shortage on Grain—Act of 1893 Construed.*
Section 7 of chapter 100, Laws of 1893 (Gen. Stat. 1901, §5944),
providing that no defense to an action against a railway com-
pany for the recovery of loss or shortage on grain received by
it for transportation by reason of the same's having occurred on
the line of some other company to which it may have been
transferred, or which may have received it for shipment, shall
be admitted to be made unless all the facts and circumstances
of such loss or shortage so occurring on such other line shall be
fully set forth in written pleadings filed by the shipping com-
pany, and affirmatively and fully proved by it, has no applica-
tion to cases against the initial carrier growing out of shipments
of grain made under contracts with it signed by the shipper, in
which the carrier's liability is limited to transportation to the
end of its own line, and delivery there to connecting carriers.

Error from Shawnee district court; Z. T. HAZEN,
judge. Opinion filed February 11, 1905. Reversed.

*A. A. Hurd,* and *O. J. Wood,* for plaintiff in error.

*Sherman & Fletcher,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. : In this case the parties agree upon the
facts. The plaintiff delivered to the defendant con-
signments of bulk wheat for shipment to points be-
yond the defendant's line of railroad under contracts
signed by the shipper, each containing the following
stipulation :

"The Atchison, Topeka & Santa Fe Railway Com-
pany . . . will receive the under-noted property
and transport it over the Atchison, Topeka & Santa
Fe railway and deliver to consignees, or the next
company or carriers (if the same is going beyond its

line of road), for them to deliver to the place of desti-
nation of said property; it being distinctly under-
stood that this company shall not be responsible as
common carriers for said property beyond its line of
road, or while at any of its stations awaiting delivery
to such carriers."

The defendant safely and promptly transported the
property to termini of its own line and there delivered
all of it to connecting carriers organized, managed,
operated and controlled separately and distinctly from
itself, for transportation to the places of final destina-
tion.   At those places portions only of each consign-
ment were delivered by the connecting carriers, and
this controversy relates to the liability of the defend-
ant for the shortage.

The plaintiff invokes the aid of chapter 100 of the
Laws of 1893 (Gen. Stat. 1901, § 5944), designed, ac-
cording to its title, for the protection of shippers of
grain, seeds, and hay, section 7 of which is as follows :

"No defense to an action for the recovery of such
loss or shortage on grain, seeds or hay so weighed,
by reason of the same having occurred on the line of
some other company to which it may have been trans-
ferred. or which may have received it for shipment,
shall be admitted to be made unless all the facts and
circumstances of such loss or shortage so occurring on
such other line shall be fully set forth in written
pleadings filed by the shipping company and affirma-
tively and fully proved by it."

The defendant pleaded, and the agreed facts show,
that it had no knowledge of the manner in which the
wheat was handled by the connecting carriers after
delivery to them, or, if there was a loss, its extent, or
the time when it occurred, or any of the circumstances
connected with it.

From the facts thus presented by the record three
questions of law arise :  (1)  Is section 7 of chapter

100, Laws of 1893, of any validity, in view of the decision of this court in *Railway Co. v. Simonson*, 64 Kan. 802, 68 Pac. 653? (2) If section 7 of the statute referred to be in force, did the pleading and proof on the part of the railway company amount to a substantial compliance with it? (3) Does section 7 of the statute referred to apply to cases growing out of shipments made under contracts of the character of those involved in this suit? If the last question be answered in the negative, a decision of the others would be *obiter*.

The authorities are unanimous to the effect that a carrier of goods may limit its contract of carriage to transportation to the end of its own line, and delivery there to a connecting carrier. Such was the full extent of the defendant's obligation under its contracts with the plaintiff. In the case of *Berg v. A. T. & S. F. Rld. Co.*, 30 Kan. 561, 2 Pac. 639, a contract of carriage in terms practically identical with those under consideration was interpreted by this court. In the opinion Mr. Justice Brewer said :

"Now, nothing could be clearer than that the company stipulated only for safe transportation over its own road, and a delivery in good order to the connecting carrier."

More than this a carrier cannot be compelled to do, if it choose to abide within its privilege.

"It is the duty of a common carrier to receive and transport goods over its own line — a duty which it must perform, or respond in damages. But it is not its duty to transport such goods over the line of any other carrier, or to contract for such transportation ; and it cannot be compelled to assume such an obligation." (*Berg v. A. T. & S. F. Rld. Co.*, *supra*.)

If the statute invoked by the plaintiff be construed to apply to this case, the defendant must meet, in

Railway Co. v. Milling Co.

direct opposition to the terms of its contracts, all the responsibilty of a common carrier over lines not its own, unless it plead and prove all the facts and circumstances of divers breaches of duty by other carriers upon their roads. Such an obligation is as foreign to the defendant's contracts as transportation itself over the lines of other carriers would be.

It is no part of the business of the defendant as a common carrier over its own road to discover, report and prove the facts concerning negligent acts in the transportation of freight committed by distinct and independent carriers upon their lines. The obligation to do so cannot be superadded to the defendant's contracts to transport over its own route any more than the obligation to carry over other railroads could be superadded to the same contracts; and the liability of a carrier over roads other than its own cannot be imposed upon the defendant as a penalty for a failure to perform acts equally alien to its duty. This being true, the statute must be held to be inapplicable to cases of the kind now under review, and it must be held that the defendant was completely exonerated when its contracts and full compliance with their terms were established.

The case of *Richmond &c. Railroad Co. v. Tobacco Co.*, 169 U. S. 311, 18 Sup. Ct. 335, 42 L. Ed. 759, called to the attention of the court in a petition for a rehearing, has no application, since the statute there involved went no further than to impose upon the initial carrier the burden of showing compliance with its contract safely to transport over its own line.

The judgment of the district court in favor of the plaintiff is reversed, and, since an agreement with respect to the facts appears, the district court is directed to enter judgment in favor of the defendant for costs.

All the Justices concurring.